**Louis John WEHRMEYER, By His Next Friend, Bernice Wehrmeyer, Petitioner,**

**v.**

**COMMANDING OFFICER, FT. LEONARD WOOD, UNITED STATES ARMY, et al., Respondents.**

**No. 2495.**

United States District Court,
W. D. Missouri, S. D.

Jan. 29, 1970.

**1002**

Louis Gilden, Samuel H. Liberman, St. Louis, Mo., for petitioner.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for respondents.

## MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

COLLINSON, District Judge.

This case involves, as one of the central issues, the accelerated induction of Louis John Wehrmeyer into the U. S. Army. Petitioner had turned in his selective service card at a draft protest rally. That card subsequently found its way back to petitioner's local selective service board. The board then gave petitioner a "courtesy hearing" to make sure that he had not turned in the card on a whim. The board offered to give him a duplicate card to keep in his possession. Petitioner refused that card.

Subsequently, the board declared petitioner a delinquent for not having his card in his possession, and ordered his induction. Petitioner claims that his induction was wrongful, and that he is entitled to his immediate release from the United States Army. Through his next friend, he brings this petition for writ of habeas corpus.

We stayed our decision in this case pending that of the Supreme Court in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532, 1969. *Gutknecht* expressly overturns the validity of the delinquency regulations under which this petitioner's induction was accelerated.

Under the rationale of *Gutknecht*, it is obvious that petitioner's induction was wrongful, as he was inducted out of his normal order of call, and therefore petitioner must be discharged forthwith from the United States Army. When we say "discharged" we mean exactly that. Petitioner is not to be put in any worse position by reason of his wrongful induction than he would be in had he never been inducted. He is not to be placed in a reserve unit, for instance. It is

Ordered that the petition for writ of habeas corpus is granted and the writ shall issue forthwith, and further

Ordered that the Court stays the issuance of the writ for a period of one week to allow the Army to discharge petitioner in accordance with procedures and regulations not inconsistent with what we have said above. If that discharge is not completed within a week, counsel for petitioner is directed to call this Court and advise the Court of that fact. Our writ will then be immediately issued and served by United States Marshal.